UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE TREVOR COATES, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. C12-1059RSL <br><br> ORDER OF DISMISSAL |

This matter comes before the Court on Mr. Coates's "Motion to Modify/Correct or Ammend [sic] the Sentence under 18 U.S.C. § 3582(c) or in the Alternative Pursuant to 28 U.S.C. § 2255" (Dkt. # 1). Mr. Coates asks the Court to modify his sentence to include a two-level downward departure for his "non-citizenship" that he alleges he would have received had his trial counsel not performed ineffectively. In a prior Order, the Court explained that this request is only cognizable under § 2255. Dkt. # 4. It also ordered Mr. Coates to show cause why the Court should not dismiss the motion—filed more than 40 months after his conviction became final—as time–barred. Id.

Having reviewed his response, Dkt. # 5, and remainder of "the files and records of the case," the Court finds that "it plainly appears . . . that the [P]etitioner is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; see also § 2255(b). Accordingly, the Court DISMISSES Mr. Coates's § 2255 motion WITH PREJUDICE as time-barred. It also DENIES Mr. Coates's request for a certificate of appealability.

ORDER OF DISMISSAL - 1

# I. BACKGROUND

Mr. Coates pleaded guilty on July 10, 2008, to one count of conspiracy to distribute Methylenedioxymethamphetamine ("MDMA," more commonly known as Ecstasy) and one count of possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Defendant's Sentencing Memorandum at 1, United States v. Coates, No. 2:08-cr-00091-RSL (W.D. Wash. January 5, 2009), ECF No. 26 (Lasnik, J.). In exchange for his plea, the United States agreed to recommend that Mr. Coates receive an offense-level reduction for acceptance of responsibility. Id. It also dismissed a third count against him. Id. This resulted in an agreed-upon Guidelines range of 78 to 97 months of custodial imprisonment. See id. at 5–6.

At sentencing, the United States and the United States Probation Office both recommended that the Court impose a bottom-of-the-Guidelines sentence of 78 months. Id. at 2. Defense counsel recommended that the Court grant a substantial downward variance and impose a sentence of no more than 48 months. Id. at 6. Finding that the offense was an aberration and that the MDMA Guidelines were "not the product of the kind of reasoned consideration we expect from the [G]uidelines," the Court imposed a 60-month custodial term on January 9, 2009. Sentencing Transcript at 15–16, United States v. Coates, No. 2:08-cr-00091-RSL (W.D. Wash. January 15, 2009), ECF No. 33. It entered judgment that same day, Judgment, United States v. Coates, No. 2:08-cr-00091-RSL (W.D. Wash. January 09, 2009), ECF No. 32, after expressly informing Mr. Coates that he had 10 days in which to file a notice of appeal.[1] Transcript at 21.

Mr. Coates did not file a appeal, and the Court heard nothing from him until June 18, 2012, when the Court received the present motion, dated June 11, 2012. Dkt. # 1. In it, Mr. Coates expressly disclaims any error on the part of the Court. Id. Instead, he alleges that his trial counsel performed ineffectively by not arguing that his status as a

---

[1] This deadline, codified at Federal Rules of Appellate Procedure Rule 4(b)(1)(A), was later amended, effective December 1, 2009, to 14 days.

ORDER OF DISMISSAL - 2

Canadian citizen would preclude him from being eligible for certain benefits while in custody and thus warranted an additional two-level departure. Id.

After undertaking the required preliminary review of Mr. Coates's motion, the Court ordered him on June 25, 2012, to show cause why it should not be dismissed as barred by § 2255's "1-year period of limitation." Dkt. # 4 (citing § 2255(f)). The Court specifically noted: "If Petitioner believes he has sufficient cause to claim the benefit of a later § 2255(f) start date or equitable tolling, cf. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (noting requirements), he may file an amended § 2255 motion within 60 days of the date of this Order that sets forth both those circumstances and each and every claim he wishes to assert." Id.

On July 6, 2012, Mr. Coates responded. Dkt. # 5. He contends first that his sentence did not become final until January 23, 2010, one year and 14 days after the Court imposed judgment. Id. at 2. Accordingly, under his calculations, his § 2255(f) deadline did not expire until January 23, 2011. Id. at 3. He urges the Court to find the intervening "some 17 months" to be equitably tolled because "it took him several months to learn the basic rules of law, enough to enable him to meaningfully perform legal research" and because the law library at the prison in which he is currently confined is only open 16 hours a week. Id. at 6–7.

## II. DISCUSSION

"[T]he threshold necessary to trigger equitable tolling . . . is very high." United States v. Aguirre-Ganceda, 592 F.3d 1043, 1045 (9th Cir. 2010) (alteration in original) (citation and internal quotation marks omitted). "A § 2255 movant is entitled to equitable tolling 'only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (§ 2254 case) (citation omitted)). Notably, "[t]he movant must show that the extraordinary circumstances 'were the cause of his

ORDER OF DISMISSAL - 3

untimeliness.'" Id. (some internal quotation marks omitted) (quoting Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (citation omitted)).

As a threshold matter then, the Court must determine how much tolling is necessary in this case. As noted, the Court entered judgment against Mr. Coates on January 9, 2009, after which Mr. Coates had 10 days to file a direct appeal. His decision to forego that right meant that his conviction became final for present purposes on January 19, 2009. United States v. LaFromboise, 427 F.3d 680, 684 (9th Cir. 2005) ("[J]udgment does not become final, and the [§ 2255] statute of limitations does not begin to run, until . . . the time for appealing that judgment has passed."). Accordingly, the one-year § 2255(f) limitation period began to run on January 19, 2009. See § 2255(f)(1).[2] Absent tolling, the limitation period thus expired on January 19, 2010—two years, 4 months, and 22 days before Mr. Coates dispatched his motion.

To determine whether that period can be tolled, the Court turns to the two "extraordinary circumstances" suggested by Mr. Coates in this case: his lack of legal knowledge and the limited law library hours available to him. Dkt. # 5 at 6–7. In regard to the first, the Ninth Circuit has joined its sister circuits in holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling," Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (emphasis added), because "the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part," Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). As a result, Mr. Coates's lack of knowledge is simply insufficient.[3] Rasberry, 448 F.3d at 1154; accord

---

[2] Mr. Coates does not contend that § 2255(f)(1) does not govern in this case, and there are no facts before the Court to suggest that one of the other subsection (f) triggers apply.

[3] The Court also notes that Mr. Coates states only that it took him "several months" to overcome his own lack of knowledge and legal training. Accordingly, it could not excuse his

ORDER OF DISMISSAL - 4

Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009 ("[E]quitable tolling requires a petitioner to show that some 'extraordinary circumstance[] beyond [his] control' caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." (alterations in original) (citations omitted)).

Mr. Coates's second rationale—that the law library was only available to him 16 hours per week—fares no better. Here again, the Ninth Circuit has concluded that mere "[o]rdinary prison limitations on [a petitioner's] access to the law library. . . (quite unlike the denial altogether of access to his personal legal papers)" is not an "extraordinary" circumstance that makes it "impossible" for him to file his petition in a timely manner." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). As Yates noted, "Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule . . . ." Id. And notably, as Yates demonstrates, this remains the case even if a petitioner's access is further limited during "the duration of any and every . . . stay in administrative segregation." Id.

Finally, the Court also considers a third circumstance not directly raised by Mr. Coates: whether the combination of the two factors, limited knowledge and limited library access, amount to an extraordinary circumstance. See Yates, 571 F.3d at 998 (noting that a petitioner may demonstrate entitlement to equitable tolling by proving that "two 'extraordinary circumstances' . . . together made a timely filing impossible" (emphasis in original). The Court finds that it does not. Even together, these circumstances did not render it impossible for Mr. Coates to file a timely petition, much less preclude him from filing for nearly 29 months.

In sum, even taking Mr. Coates's bare allegations at full face value, Mr. Coates fails to show entitlement to tolling. His own lack of legal knowledge is simply insufficient to serve as an extraordinary circumstance, and, to the extent his limited

---

40-month untimeliness even were it a valid "extraordinary circumstance." Buckles, 647 F.3d at 889 (noting causation requirement).

ORDER OF DISMISSAL - 5

access to the law library is not prima facie insufficient, Yates, 571 F.3d at 998, he fails to show "how or why his restricted library access made it impossible for him to file a timely . . . petition." Id.  Accordingly, he is not entitled to any relief. Id.; accord Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) ("A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" (emphasis in original) (citation omitted)).

### III.  CONCLUSION

For all of the foregoing reasons, the Court DISMISSES Mr. Coates's § 2255 motion WITH PREJUDICE as time-barred.  See § 2255(f).

Moreover, because the Court finds that no "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 483 (2000) (citation and internal quotation marks omitted), the Court DENIES Mr. Coates's request for a certificate of appealability.  See 28 U.S.C. § 2253(c).  The Court notes for Mr. Coates's benefit, though, that he may seek a certificate directly from the Ninth Circuit if he wishes.  See 9th Cir. R. 22-1.

DATED this 11th day of July, 2012.

                                                    Robert S. Lasnik
                                                    United States District Judge

ORDER OF DISMISSAL - 6